The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

Dated: March 19 2015

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: Dean Allen Wills, | ) | Case No. 14-33912 |
| | ) | |
| Debtor(s). | ) | Chapter 7 |
| | ) | |
| | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER DENYING MOTION TO VACATE DISCHARGE

This case is before the court on Debtor's Motion to Vacate Discharge [Doc. # 24]("Motion"). Debtor asks to have his Chapter 7 discharge vacated so that a prospective reaffirmation agreement between Debtor and Victor Asset Acquisition, LLC ("Victor Asset") can be executed and properly filed. The court held a hearing on the Motion at which Attorney for Debtor and an Attorney for Victor Asset both appeared in person.

Under Rule 4008(a) of the Federal Rules of Bankruptcy Procedure, reaffirmation agreements "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a) of the Code." *But see In re Parker,* 372 B.R. 835 (Bankr. W.D. Tex. 2007)(court holds that Rule 4008 conflicts with the statute and must be disregarded, so statutory deadline for filing a reaffirmation agreement is any time before discharge). The deadline for filing reaffirmation agreements in this case was February 23, 2015, which was the first non-weekend day after the 60 day time period expired. *See* Fed. R. Bankr. P. 9006(a)(1)(A)-(C). Rule 4004(c)(2) also provides a vehicle for delaying the entry of discharge at the request of a debtor. Fed.

R. Bankr. P. 4004(c)(2). No such request was made in this case. Debtor's discharge was entered on February 25, 2015, Fed. R. Bankr. P. 4004(c)("In a chapter 7 case, on expiration of the time fixed for objecting to discharge and for filing a motion to dismiss the case...the court shall forthwith grant the discharge..."), although the case remains open to address judgment lien impairment issues raised by Debtor and for administration of possible assets by the Trustee. Debtor did not enter into or file a reaffirmation agreement with Victor Asset before the court entered his discharge.

Rule 4008(a) permits the time for filing reaffirmation agreements to be enlarged "at any time." Fed. R. Bankr. P. 4008(a). The court would be willing to extend the filing deadline even now given the permissive language of Rule 4008(a). Notwithstanding, however, that the filing deadline may be extended "at any time," the Bankruptcy Code still requires reaffirmation agreements to be entered into before a debtor's discharge. *See* 11 U.S.C. § 524(c)(1); *In re Golladay*, 391 B.R. 417, 421 (Bankr. C.D. Ill. 2008); *In re Giglio*, 428 B.R. 397, 401-02 (Bankr. N.D. Ohio 2009). The provisions of § 524 governing reaffirmation agreements are generally to be strictly construed. *In re Stewart*, 355 B.R. 636, 639 (Bankr. N.D. Ohio 2006). Both the statute and applicable case law make it clear that a reaffirmation agreement not made before the granting of a discharge will be unenforceable. So even though the Rule 4008 filing deadline problem might still be overcome, any reaffirmation agreement that the parties entered into now would not comply with § 524 and would not be enforceable, regardless whether the court enlarged the filing deadline and Debtor then filed the agreement. Debtor (and Victor Asset) recognize this conundrum. That is why Debtor is asking the court to vacate his discharge to address this statutory enforceability problem.

There is no dispute about the facts. Debtor and Victor Asset both want the court to vacate the discharge. The potential reaffirmation agreement would be part of a global settlement of disputed issues, including a pending motion to avoid judgment lien, that the parties are negotiating. In this case, the court does not doubt the good intentions and diligence of the parties, and that vacating the discharge would promote at least a more efficient and cost-effective resolution of their dispute as well as facilitate Debtor's retention, with his non-debtor spouse, of their long time home.

The Motion relies on principals of equity and § 105(a), 11 U.S.C. § 105(a), as authority for the relief requested. At the hearing, Debtor also directed the court's attention to the case *In re Edwards*, 236 B.R. 124 (Bankr. D.N.H. 1999), which relies on Rule 60(b)(6) of the Federal Rules of Civil Procedure, as persuasive authority supporting his position.

The court has confronted this issue before in other cases. Notwithstanding the parties' well-

presented arguments at the hearing, the court does not find a statutory or other basis to vacate a discharge at the request of a debtor in order to enter into a reaffirmation agreement. As this court and most other bankruptcy judges who have addressed this issue have held, the Bankruptcy Code does not contain any provisions authorizing vacation of a discharge under these circumstances. *E.g., In re Smith*, No. 11-35051, (Bankr. N.D. Ohio Feb. 10, 2012) (available on court's website); *In re Stewart*, 355 B.R. at 638-39; *In re Nichols*, Case No. 10-01323, 2010 Bankr. LEXIS 4019, *5 (Bankr. N.D. Iowa, Nov. 29, 2010)(surveying various Bankruptcy Code provisions, court concludes that "[t]here is no bankruptcy code provision allowing debtors to set aside the discharge, or allowing discharges to be set aside to reaffirm a debt."); *In re Clark*, Case No. 8-10-73746-reg, 2010 Bankr. LEXIS 4964, *12-*14 (Bankr. E.D. N.Y. Dec. 21, 2010).

Given the comprehensive statutory framework for both reaffirmation agreements and Chapter 7 discharges, invocation of equity as a basis for the relief requested by Debtor is unavailing. *Stewart*, 355 B.R. at 638-39. This is particularly so in light of the Supreme Court's recent reemphasis in *Law v. Siegel*, –U.S.–, 134 S.Ct. 1188, 1194-95 (2014), that equity cannot be used in bankruptcy cases to overcome plain, unambiguous[1] statutory authority. This fundamental principle constrains the court from looking to equity and § 105(a) as authority to vacate Debtor's discharge, no matter how well-intentioned the reasons presented for doing so.

Nor does Rule 9024 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule 60 of the Federal Rules of Civil Procedure, provide grounds for relief in this instance. The *Edwards* case cited by Debtor adopts the standards of Rule 60(b)(6) to vacate a discharge order for the purpose of allowing an enforceable reaffirmation agreement, albeit cautioning that it "will not ordinarily vacate discharge orders for the purpose of allowing enforceable reaffirmation agreements." *Edwards*, 236 B.R. at 128. Debtor's argument and the facts of this case would bring it within the rationale of *Edwards* and application of Rule 60(b)(6). The court simply disagrees that Rule 60(b)(6), or even Rule 59 as might arguably apply in this case under Rule 9023 of the Federal Rules of Civil Procedure based on the timing of the Motion, can be properly used in these circumstances. Much more persuasive analyses of this issue outlining this court's view include *In re Bellano,* 456 B.R. 220 (Bankr. E.D. Pa. 2011)*, In re Williams*, No. 11-00761, 2012 Bankr. Lexis 1022,

---

[1] Although not argued by Debtor and not previously considered by this court, there is an argument that there is a statutory ambiguity in terms of the timing requirements for making reaffirmation agreements that arises in the third sentence of § 524(d) when compared with § 524(c). The court does not find such an ambiguity, and is persuaded by the thoughtful analysis of this issue in *In re Kirk*, No. 7-13-13269, 2014 Bankr. LEXIS 1169, 2014 WL 1248040 (Bankr. D.N.M. Mar. 24, 2014).

2012 WL 843210 (Bankr. D.D.C. Mar. 12, 2012) and *In re Kirk*, No. 7-13-13269, 2014 Bankr. LEXIS 1169, 2014 WL 1248040 (Bankr. D.N.M. Mar. 24, 2014). The court in *Bellano* cites *Edwards* as a leading case for the minority view that Rule 60(b)(6) authorizes relief from the discharge injunction under certain extraordinary circumstances, nevertheless rejecting its analysis, as does this court.

In summary, the entry of Debtor's discharge did not occur by mistake, under which Rule 60(a) might be invoked. Indeed Rule 4004(c) mandated its entry by the court in the absence of a proper request for delay. Overall this court finds persuasive the reasoning of the majority of other courts that have addressed this issue, as fairly represented by the cases cited above. Having reexamined the issue, the court will deny the Motion as it has other motions asking for the same relief.

Based on the foregoing reasons and authorities,

**IT IS THEREFORE ORDERED** that Debtor's Motion to Vacate Discharge [Doc. # 24] be, and hereby is, **DENIED.**

###